[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER REGARDING PLAINTIFF'S MOTION FOR RECTIFICATION DATED JULY 20. 1999
It is true that prior to the time that the trial was to commence that the court ordered that all parties sit down and exchange copies of exhibits that they propose to enter. I was aware of the fact that there would be in the range of 1500 pages of exhibits in the trial, and would not want to have to allow each party to take time to look at documents as offered claiming that the party seeing document for the time. The parties met and marked certain documents for identification which there would be objections to and certain documents as full exhibits for which there would be no objections. However, those markings were not actual trial exhibits for any purpose as of the time the parties sat down and did the markings. During the course of the trial a number of documents were marked either as full exhibits or for identification. At the conclusion of the trial the parties stated as follows on the record:
 MR. PARLEY: Your Honor, I think that there is also another issue with regard to the exhibits that may be we ought to address at this point, also. There are numerous exhibits that were marked, that were premarked for Identification that were never offered by any party. Those should probably be removed from the exhibit files. Then there are a number of exhibits that are marked for Identification only because parties offered them, but there were no objections. I think we ought to focus on how to address those, so that the exhibits that are in evidence are clearly in evidence, and the exhibits that parties had offered, and may want to have held for any possible appeals, are properly held and not part of the record before the Court for the purposes of deciding the case, and that the exhibits that were never offered be removed because nobody offered them.
THE COURT: In view of the fact that we are up to, I believe, Plaintiffs Exhibit 182, plus numerous exhibits by the defendant, together with any others that my have been marked, when will the parties wish to get together to file a written stipulation by all parties that the following exhibits marked for Identification only were never offered as exhibits, so CT Page 11887 therefore may be returned to whichever party marked them for Identification?
 MR PARLEY: My suggestion is that if the Court recesses this morning that we do that this morning. That's a very brief activity.
MRS. LANE: Fine.
MR. LANE: I have no objection. We could do that immediately.
MR. TROWBRIDGE: That's a good idea.
 THE COURT: I'll ask the parties to do that so that those that were never offered as exhibits will then be returned, and that will reduce the number of documents that will be in the file.
Anything else you wish to be heard on.
Following the above statement that was entered on the record, the parties then signed a stipulation that was submitted to the court and dated December 8, 1998 and read as follow:
 The following exhibits may be removed from the exhibit files as they were not offered in evidence by either party:
 Plaintiffs Exhibits 2, 2A, 3, 3A, 4, 4A, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30
 Defendant's Exhibits None
The documents that the plaintiff now seeks to have added to the file are those exhibits that were returned to the parties following the stipulation that they entered into on December 8, 1998. The documents in question were not offered in evidence by either party and were therefore allowed to be returned.
The motion for rectification is accordingly denied.
Axelrod, J.